

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2006

# Iskander v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2726

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Iskander v. Atty Gen USA" (2006). *2006 Decisions*. Paper 883.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/883

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2726

SUHARDI ISKANDER,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

Respondents

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A79-310-925)
Immigration Judge: Charles M. Honeyman

Submitted pursuant to Third Circuit LAR 34.1(a)
June 16, 2006

Before: FISHER, CHAGARES, and REAVLEY,[*] Circuit Judges.

(Filed: June 19, 2006)

---

[*] Honorable Thomas M. Reavley, Senior Circuit Judge of the United States Court
of Appeals for the Fifth Circuit, sitting by designation.

OPINION OF THE COURT

CHAGARES, Circuit Judge:

Petitioner Suhardi Iskander is an ethnic Chinese citizen of Indonesia, who petitions for review of an adverse Board of Immigration Appeals (BIA) decision dated April 28, 2005. The BIA dismissed Iskander's appeal of the denial of his requests for withholding of removal and relief under the Convention Against Torture.

We review the BIA's findings of fact under the "extremely deferential" substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). We will not vacate the BIA's findings unless "[a] reasonable adjudicator would be compelled to conclude to the contrary." Toure v. Att'y Gen., 443 F.3d 310, 316 (3d Cir. 2006) (quoting Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004)). As we write solely for the parties, we need not relate the facts.

A thorough review of the record leads us to conclude that substantial evidence supported the BIA's findings that Iskander failed to show past persecution, a clear probability of future persecution, or a clear probability of torture upon his removal to Indonesia. The three attacks Iskander suffered from 1985 to 1998, along with various incidents of harassment, could reasonably be viewed as isolated incidents that do not rise to the extreme level of persecution or torture. Both the infrequency of the incidents and the relative safety of his family still living in Indonesia support the finding that

persecution or torture is not a clear probability upon his return.  Further, the State Department Reports in the record do not compel the conclusion that Iskander will more likely than not suffer persecution or torture if removed, because, *inter alia*, they indicate a decrease in attacks against ethnic Chinese (as distinguished from incidents involving Christians or women).  See Lie v. Ashcroft, 396 F.3d 530, 536–38 (3d Cir. 2005) (substantial evidence supported findings that harms to an ethnic Chinese citizen of Indonesia were not so severe as to constitute persecution, and that pattern or practice of persecution did not exist); Tarrawally v. Ashcroft, 338 F.3d 180, 188 (3d Cir. 2003) (even where evidence indicates that government commits "gross human rights abuses" and "many civilians are killed arbitrarily," the record was "insufficient to demonstrate that it is more likely than not that a particular civilian . . . will be tortured").

Accordingly, we will deny Iskander's petition.